IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVI WOODERTS, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0335-D |
| | ) | |
| WARDEN FCI SEAGOVILLE, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court filed on April 10, 2007, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a federal inmate pursuant to 28 U.S.C. § 2241.[1]

Parties: Petitioner is presently incarcerated at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. The court issued process in this case.

Statement of Case: On February 27, 1998, the court sentenced Wooderts to an aggregate term of 240 months imprisonment for altering or removing motor vehicle identification numbers and aiding and abetting. *See United States v. Wooderts*, 3:97cr054-D (N.D. Tex., Dallas Div.).

---

[1] Petitioner initially filed this action on February 6, 2007, as a "Writ of Quo Warranto" in his federal criminal case. *See United States v. Wooderts*, 3:97cr054-D(01) (N.D. Tex., Dallas Div.). On February 21, 2007, the District Court accepted the findings, conclusions and recommendation of the magistrate judge, and construed the writ as a petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241. (Docket #1).

In this action Petitioner asserts that he is entitled to credit toward his federal sentence for the time spent in state custody. He further asserts that his federal sentence should run concurrent to his state sentence because his federal sentence was enhanced on the fact that the federal offense was committed while he was on parole from his state sentence.

In response to the court's order to show cause, Respondent filed a motion to dismiss for failure to state a claim. Petitioner filed a response to the motion to dismiss and a motion for an evidentiary hearing.

Findings and Conclusions: This is not Petitioner's first attempt to seek additional credit toward his federal sentence for time spent in state custody, or to request that his federal sentence be run concurrent to the remaining portion of his state sentence. On December 21, 2004, he filed a motion for backtime credit in his criminal case, which the court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Wooderts v. Warden*, 3:05cv0188-D (N.D. Tex., Dallas Div.). In that case, Petitioner argued that the Bureau of Prisons (BOP) improperly denied him credit on his federal sentence beginning from the time of his arrest by state law enforcement authorities and that, following the dismissal of state charges and lifting of a state parole violator warrant, he was in the sole custody of the federal government. Petitioner also argued that the BOP failed to consider properly his request for a nunc pro tunc designation that would have permitted his federal and state sentences to run concurrently. *Id*.

The court denied the § 2241 petition, finding that Petitioner was in the primary custody of the State of Texas from the date of his arrest, and that he was not entitled to credit on this federal sentence for the time that he was in federal custody pursuant to a writ of habeas corpus ad prosequendum. *Id.,* Jun. 22, 2005 order accepting findings and conclusions of the magistrate

judge. In light of its prior clarification that the federal sentence was to be served consecutively to any state sentence, the court also found that the BOP did not err in calculating his federal sentence to run concurrently to his state sentence. *Id.* The Fifth Circuit Court of Appeals affirmed the denial of habeas relief. *Wooderts v. Warden*, No. 05-10871 (5th Cir. Oct. 30, 2006).

Petitioner's time credit claim in the present case is, for all purposes, identical to the claim addressed in No. 3:05cv0188. While Wooderts cites new case law, and purportedly presents new facts, which he claims justify an evidentiary hearing, his arguments remain the same.

In addition to seeking time credit, Petitioner raises a new claim. He alleges that his federal sentence should run concurrent to his state sentence because his federal sentence was enhanced on the basis that his federal offense was committed while on state parole.

In the motion to dismiss, Respondent argues that Petitioner has abused the habeas corpus writ by filing a successive habeas petition which contains a new claim for relief that he could have raised in his initial petition in No. 3:05cv0188. In response, Petitioner argues that the BOP did not timely inform him of Judge Fitzwater's letter of February 19, 2003, on which the BOP relied to deny him nunc pro tunc designation of his federal sentence. (Pet's Reply at 8).

The abuse of the writ analysis applies in § 2241 habeas cases. In *Binford v. Berkebile*, 3:06cv0605-B, 2007 WL 2059732, *5-7 (N.D. Tex., Dallas Div. Jun. 22, 2007), findings and conclusions accepted (Jul. 17, 2007), the court recently summarized Fifth Circuit cases and former and current statutory provisions to conclude that a district court has the discretion to dismiss successive habeas petitions under § 2241 as an abuse of the writ. *See e.g. Jennings v. Menifee*, 214 Fed. App'x 406, 407 (5th Cir. 2007) (unpublished per curium), *cert. denied*, ___ S. Ct. ___, No. 06-10629, 2007 WL 1115777 (May 14, 2007) (applying current version of 28

3

U.S.C. § 2244(a) and *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994), to bar successive habeas petitions as an abuse of the writ because it failed to raise a new issue); *Ortloff v. Fleming*, 88 Fed. App'x 715, 716 (5th Cir. 2004) (unpublished per curiam) (same); *Smith v. Ashcroft*, 275 F.3d 1083, 2001 WL 1468760, at *1 (5th Cir. Oct. 31, 2001) (per curium) (same); *Turner v. United States Parole Comm'n*, 268 F.3d 1064, 2001 WL 877771, at *1 (5th Cir. July 24, 2001) (per curium) (same).[2]

In *McCleskey v. Zant*, 499 U.S. 467 (1991), the Supreme Court enunciated the current controlling standard for determining whether a particular petition constitutes an abuse of the writ.

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey*, 499 U.S. at 494-95.

Petitioner cannot satisfy the *McCleskey* standard. His reply does not refute that his time credit claim, which was fully litigated in his prior § 2241 petition, fails to raise a new issue. Nor does he present sufficient cause and prejudice, or a fundamental miscarriage of justice, for his

---

[2] The current version of 28 U.S.C. § 2244(a) provides:
No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

failure to raise his new claim earlier. He argues that he was unaware of Judge Fitzwater's letter dated February 19, 2003, in response to his counsel's request for nunc pro tunc designation, until the filing of the government's response in No. 3:05cv188-D on April 21, 2005. (Pet's Reply at 8). Yet his attorney, Mr. Gary Udashen, was on notice that the BOP had requested Judge Fitzwater to clarify his intent with respect to whether Wooderts' federal sentence should run concurrent or consecutive to any undischarged term of imprisonment imposed by a Texas state court. (*See* Appendix to Government's response filed on March 28, 2005, in 3:05cv188-D, at Exh. 1 Attch. 2). Therefore, Wooderts' current § 2241 petition should be dismissed as an abuse of the writ.

Alternatively, the petition should be denied on the merits. Wooderts' time credit claim fails for the reasons set out in the findings and conclusions, accepted by the district court and affirmed on appeal in No. 3:05cv0188,. With respect to his new claim, the court notes that it is wholly unsupported. Moreover, U.S.S.G. § 4A1.1, which permits enhancement on the basis of a defendant's criminal history, is silent regarding whether the federal sentence should be concurrent with any undischarged state term of imprisonment.

Petitioner's request for an evidentiary hearing to develop the record should likewise be denied. "[A] hearing is not required 'when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence.'" *Ortloff*, 88 Fed. App'x at 717 (quoting *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir.1989)). Petitioner is not entitled to an evidentiary hearing because he has not shown that there is a factual dispute which, if it were resolved in his favor, would entitle him to relief. *Id.*

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (# 11) be GRANTED, that Petitioner's motion for an evidentiary hearing (# 14) be DENIED, and that the petition for writ of habeas corpus be DISMISSED as an abuse of the writ or, alternatively, that it be DENIED and DISMISSED on the merits.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for the government, and will term the referral of the case to the magistrate judge.

Signed this 20th day of December, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.